**Yovany Alberto REYES; Elvyn Arnoldo Mazariegos, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–72561.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 17, 2011.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

Stephen John Coghlan, Esquire, Law Office of Stephen Coghlan, San Francisco, CA, for Petitioners.

Jesse Lloyd Busen, Trial Attorney, OIL, Emily Anne Radford, Patrick James Glen, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

*See* Fed. R.App. P. 34(a)(2).

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Yovany Alberto Reyes and Elvyn Arnoldo Mazariegos, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir.2006), and we deny the petition for review.

The record does not compel the conclusion that petitioner's late-filed asylum application is excused by any changed or extraordinary circumstances. *See* 8 C.F.R. § 1208(a)(4)(5); *Dhital v. Mukasey*, 532 F.3d 1044, 1050 (9th Cir.2008). Accordingly, we deny the petition as to their asylum claim.

Substantial evidence supports the agency's adverse credibility determination because of inconsistencies regarding Reyes' age when his mother was attacked, the date of the attack, and the date of his mother's resignation letter. The inconsistencies go to the heart of petitioners' claims. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (sustaining adverse credibility determination where claims "were implausible in light of the background evidence"); *Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000) (sustaining adverse credibility determination where inconsistencies between testimony and docu-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mentary evidence concerned dates of the alleged incident of persecution). The IJ reasonably rejected Reyes' explanations for the inconsistencies. *See Rivera v. Mukasey,* 508 F.3d 1271, 1275 (9th Cir.2007). In the absence of credible testimony, petitioners' withholding of removal claim fails. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because petitioners' CAT claim is based on the same testimony found to be not credible, and they point to no other evidence the agency should have considered, substantial evidence also supports the denial of CAT relief. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**